2015-1281
_____

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
_____

WATERS TECHNOLOGIES CORP.,
*Appellant*,

v.

AURORA SFC SYSTEMS, INC.,
*Appellee*,

Appeal from the United States Patent and Trademark Office's Patent Trial and Appeal Board *Inter Partes* Reexamination No. 95/001,910

## APPELLANT WATERS TECHNOLOGIES CORP.'S MOTION TO DISMISS AURORA SFC SYSTEMS, INC., AND AGILENT TECHNOLOGIES, INC., FROM THIS APPEAL

Erik Paul Belt
Deborah M. Vernon
Kia Lynn Freeman
McCarter English, LLP
265 Franklin Street
Boston, MA 02110
(617) 449-6500

*Attorneys for Appellant*

# CERTIFICATE OF INTEREST

Counsel for plaintiffs-appellants certifies the following:

**1. The full name of every party or amicus represented by me is:**

Waters Technologies Corporation

**2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

N/A

**3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:**

Waters Corporation

**4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:**

McCarter English, LLP

Erik Paul Belt, Partner; Deborah M. Vernon, Partner; Kia Lynn Freeman, Partner; and Danielle L. Herritt, Partner.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ..................................................................................................1

PROCEDURAL AND FACTUAL HISTORY .......................................................2

ARGUMENT ..........................................................................................................4

I.   THE THIRD PARTY REQUESTER NEVER ELECTED TO PARTICIPATE............................................................................................4

II.  AGILENT IS NOT THE THIRD PARTY REQUESTER AND THUS MAY NOT PARTICIPATE IN THIS APPEAL.............................................7

CONCLUSION .....................................................................................................12

FEDERAL CIRCUIT RULE 27(a)(5) STATEMENT ...........................................12

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Banzhaf v. Smith*,
   737 F.2d 1167 (D.C. Cir. 1984) ................................................................. 8

*Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*,
   447 U.S. 102 (1980) ..................................................................................... 9

*Dep't of Homeland Sec. v. MacLean*,
   135 S. Ct. 913 (2015) ................................................................................. 10

*Flores v. Corporacion Habanos, S.A.*,
   543 F. App'x 1018 (Fed. Cir. 2013) ........................................................ 6

*Griggs v. Provident Consumer Disc. Co.*,
   459 U.S. 56 (1982) ..................................................................................... 6

*Kucana v. Holder*,
   558 U.S. 233 (2010) ................................................................................. 10

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   ––– U.S. –––, 134 S.Ct. 1377 (2014) ..................................................... 8

*In re Maslyukov*,
   346 F. App'x 579 ....................................................................................... 6

*Pregis Corp. v. Kappos*,
   700 F.3d 1348 (Fed. Cir. 2012) ............................................................... 5

*Q.I. Press Controls, B.V. v. Lee*,
   752 F.3d 1371 (Fed. Cir. 2014) ............................................................... 5

*Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office*,
   882 F.2d 1570 (Fed. Cir. 1989) ............................................................... 8

*Vaillancourt v. Becton Dickinson & Co.*,
   749 F.3d 1368 (Fed. Cir. 2014) ........................................................... 8, 9

*Waters Techs. Corp v. Aurora SFC Systems Inc.*,
   C.A. No. 11-708-RGA (D. Del.) ............................................................. 2

*Woods v. DeAngelo Marine Exhaust, Inc.*,
  449 F. App'x 913 (Fed. Cir. 2011) ......................................................................6

**FEDERAL STATUTES**

35 U.S.C. § 100(e) ...................................................................................................4, 5

35 U.S.C. §§ 311-318 ....................................................................................................5

35 U.S.C. § 141 ..........................................................................................4, 5, 9, 10

35 U.S.C. § 311 ..........................................................................................2, 4, 10

35 U.S.C. § 315 ..........................................................................................................4, 5

**RULES**

Fed. Cir. R. 15 ..............................................................................................................7

Fed. R. App. P. 15 ................................................................................................2, 7, 11

Fed. R. App. P. 26(b) ...................................................................................................7

**REGULATIONS**

37 C.F.R. § 1.983 ...........................................................................................3, 5, 6, 11

37 C.F.R. § 1.913 ..........................................................................................................2

## INTRODUCTION

Appellant and patent owner Waters Technologies Corporation ("Waters") moves to dismiss Appellee Aurora SFC Systems, Inc. ("Aurora") from participating in this appeal. And, to the extent that Agilent Technologies, Inc. ("Agilent") is considered to be part of this case (opposing counsel has entered an appearance on Agilent's behalf, suggesting that Agilent, at least, believes it should be included), Waters seeks to bar Agilent's involvement as well. Aurora never filed a notice of election to participate, as is required under the governing rules. Agilent, for its part, has no statutory right to participate.

More specifically, this appeal follows an *inter partes* reexamination in the USPTO. Aurora requested the reexamination and is thus the "third-party requester" under the statutory definition. Several months after the reexamination was instituted, Agilent purchased some or all of the assets from Aurora and was later identified as a new "real party in interest." Aurora, however, remained as a distinct, live corporation and as the third-party requester in the reexamination.

The Patent Trial and Appeal Board ("Board") affirmed the rejection of each claim of Waters's patent. Waters appealed to this Court. In appeals to this Court by patent owners, only the USPTO and the "third-party requester" may participate. Aurora, however, never sought to participate and never filed an election to participate, as is required under the relevant rules. For its part, Agilent has no right

to participate. Agilent filed a belated notice of election to participate in which it misidentified itself as the third-party requester. But Agilent is not the third-party requester and therefore has no right to participate. Moreover, Agilent failed to move to intervene within the 30-day deadline under Fed. R. App. P. 15(d). Thus, both Aurora and Agilent should be dismissed from this appeal.

## PROCEDURAL AND FACTUAL HISTORY

On February 29, 2012, Aurora requested *inter partes* reexamination of U.S. Patent No. 6,656,767 ("the '767 Patent") pursuant to 35 U.S.C. § 311 and 37 C.F.R. § 1.913. On March 27, 2012, the USPTO granted the request for *inter partes* reexamination. A few months later, Agilent purchased certain assets from Aurora, but the transaction was not a stock sale or merger. Aurora remained a distinct, live corporation. *See* Dkt. No. 19 at 9, *Waters Techs. Corp v. Aurora SFC Systems Inc.*, C.A. No. 11-708-RGA (D. Del.), *Aurora SFC Systems Inc.'s Response to Waters Technologies Corporation's Second Set of Interrogatories to Defendant* at 3.

On April 26, 2013, over a year after the reexamination was instituted, third-party requester Aurora filed in the reexamination proceedings a request to change the real party in interest from Aurora to Agilent. Neither Aurora nor Agilent ever requested that the *third-party requester* be changed. Indeed, Aurora's counsel,

Rochelle Lieberman, was of counsel at the oral hearing and never withdrew from the reexamination proceeding.

On February 20, 2013, the examiner mailed a Right of Appeal Notice adopting proposed rejections of the challenged patent claims as either anticipated or obvious. Patent Owner Waters appealed the examiner's decision to the Board. Following briefing, oral arguments were held on April 23, 2014. On September 25, 2014, the Board issued a decision affirming at least one ground of rejection against each claim on appeal and identifying Aurora as the third-party requester. *See* Dkt. No. 1-2 at 6, Board Decision at 2.

On November 21, 2014, Waters timely filed its notice of appeal with the Patent Office. Waters served its notice of appeal on third-party requester Aurora's counsel of record, Rochelle Lieberman. Waters also served a copy of the notice on Agilent's attorney, Steven B. Kelber. See Dkt. No. 1-2 at 3 (Waters' Certificate of Service). Almost a month later, on December 16, 2014, Agilent, claiming to be the third-party requester, filed its *Third-Party Requester Belated Election to Participate in Appeal, 37 C.F.R. 1.983*. See Dkt. No. 2. On December 19, 2014, Patent Owner Waters filed *Objections to Defective Paper of Agilent Technologies, Inc.*, thus notifying both Agilent and Aurora that there were defects in their standing to participate in the appeal—namely, that Agilent was not the third-party requester and therefore had no right to participate in the appeal and, furthermore,

that Aurora never elected to participate. See Dkt. No. 19. Despite this notice, Agilent never moved to intervene within the prescribed 30-day period following Waters's notice of appeal.

## ARGUMENT

### I.  THE THIRD PARTY REQUESTER NEVER ELECTED TO PARTICIPATE

The "third-party requester" is "a person requesting ex parte reexamination under section 302 or inter partes reexamination under section 311 who is not the patent owner." *See* 35 U.S.C. § 100(e) (1999-2012). In this case, Aurora is the only party who requested reexamination and is thus the one and only third-party requester. Over a year after the reexamination was instituted, Agilent was identified as a new "real party in interest." But Aurora never withdrew from the reexamination and remains the third-party requester.

The statutory scheme is clear that only the patent owner and third-party requester qualify as parties in any appeal from an *inter partes* review to this Court. *See* 35 U.S.C. § 315(a)-(b) (2002-2012); *see also*, *e.g.*, 35 U.S.C. § 141 (2002-2012) ("A patent owner, or a third-party requester in an inter partes reexamination proceeding, . . . may appeal the decision only to the United States Court of Appeals for the Federal Circuit"); 37 C.F.R. § 1.983(a) ("The patent owner or third party requester in an *inter partes* reexamination proceeding who is a party to an appeal to the Patent Trial and Appeal Board . . . may be a party to any appeal thereto taken

from a reexamination decision of the Patent Trial and Appeal Board"). In particular, only the third-party requester may participate in an appeal taken by the patent owner. 35 U.S.C. § 315(b)(2) (2002-2012) ("A third-part requester . . . may, subject to section (c), be a party to any appeal taken by the patent owner under the provisions of section 134 or sections 141 through 144").[1]

To participate in an appeal taken by the patent owner, the third-party requester must first file with the USPTO a notice of election to participate. The third-party requester must do so within 14 days after the patent owner serves its notice of appeal. To wit:

> (e) A party electing to participate in an appellant's appeal **must**, within fourteen days of service of the appellant's notice of appeal under paragraph (b) of this section, or notice of cross appeal under paragraphs (c) or (d) of this section, take the following steps:
>
> > (1) In the U.S. Patent and Trademark Office, timely file a written notice directed to the Director electing to participate in the appellant's appeal to the U.S. Court of Appeals for the Federal Circuit by mail to, or hand service on, the General Counsel as provided in § 104.2; **. . .**

37 C.F.R. § 1.983 (emphasis added).

---

[1] Because this appeal follows an *inter partes* reexamination initiated before such proceedings were discontinued under the Leahy-Smith America Invents Act ("AIA"), Waters has cited to the pre-AIA versions of the Patent Act provisions related to *inter partes* reexaminations and appeals therefrom (*e.g.*, 35 U.S.C. §§ 100(e), 141, and 311-318). These pre-AIA versions continue to apply here. *See, e.g., Pregis Corp. v. Kappos*, 700 F.3d 1348, 1358 n.1 (Fed. Cir. 2012); *Q.I. Press Controls, B.V. v. Lee*, 752 F.3d 1371, 1374 n.1 (Fed. Cir. 2014).

In this case, Aurora never filed a notice of election to participate. Not within the mandated 14 days and not at any time thereafter. As such, Aurora must be dismissed as a party to this appeal.

In analogous situations, when an appellant or cross-appellant has missed the deadline for noticing an appeal from USPTO proceedings, this Court has struck the appeal. *See, e.g.*, *Flores v. Corporacion Habanos, S.A.*, 543 F. App'x 1018, 1019 (Fed. Cir. 2013) (dismissing appeal because of an untimely notice of appeal following decision of the Trademark Trial and Appeal Board); *In re Maslyukov*, 346 F. App'x 578, 579-80 (Fed. Cir. 2009) (same); *Woods v. DeAngelo Marine Exhaust, Inc.*, 449 F. App'x 913, 913-14 (Fed. Cir. 2011) (dismissing as untimely a cross-appeal required to be filed within fourteen days).

These court rulings are consistent with Supreme Court precedent and the relevant rules of practice, which provide that this Court may not waive the notice deadline. For example, the Supreme Court has held that "[i]t is well settled that the requirement of a timely notice of appeal is mandatory and jurisdictional." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) (internal quotations omitted). Likewise, Fed. R. App. P. 26(b) emphasizes that an appellate court "***may not*** extend the time to file . . . a notice of appeal from . . . an order of an administrative agency, board, commission, or officer of the United States . . ." *Id.* (emphasis added); s*ee also* Practice Notes to Fed. R. App. P. 15 and Fed. Cir.

R. 15 ("The court cannot waive the statutory time requirements for filing a petition for review or notice of appeal.").

The relevant Patent Office rule, Rule § 1.983 cited above, requires that, in order to participate in an appeal by a patent owner to this Court, the third-party requester "must" file a notice of election to participate within the prescribed 14-day period. Use of "must" indicates a mandatory, not merely aspirational, requirement. This mandatory requirement for filing a notice of election should be viewed as the equivalent of the mandatory, jurisdiction requirement for filing a notice of appeal or cross-appeal within a set time. As such, because Aurora never filed a notice of election with the 14-day period or at any other time, it may not participate in the appeal.

## II.  AGILENT IS NOT THE THIRD PARTY REQUESTER AND THUS MAY NOT PARTICIPATE IN THIS APPEAL

As seen above, Aurora, not Agilent, is the third-party requester and thus the only party besides Waters who has standing to participate in this appeal. Neither Aurora nor Agilent can point to any provision allowing someone other than the patent owner or third-party requester to participate in the appeal.

This Court has understood that standing in appeals from *inter partes* reexaminations depends on interpretation of whether the relevant statute provides a party a cause of action. *See Vaillancourt v. Becton Dickinson & Co.*, 749 F.3d 1368, 1368-69 (Fed. Cir. 2014) (citing *Lexmark Int'l, Inc. v. Static Control*

*Components, Inc.*, ––– U.S. –––, 134 S.Ct. 1377, 1386–88 (2014)). A party "cannot claim standing based on violation of an asserted personal statutorily-created procedural right when Congress intended to grant that plaintiff no such right." *Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office*, 882 F.2d 1570, 1573 (Fed. Cir. 1989) (quoting *Banzhaf v. Smith*, 737 F.2d 1167, 1170 n. * (D.C. Cir. 1984)).

Under analogous circumstances, this Court has adhered to a plain meaning of the statutes governing *inter partes* reexamination and has dismissed an appeal filed by a party not authorized by the statute to do so. In *Vaillancourt*, while the *inter partes* reexamination was pending, the patent owner, Vaillancourt, assigned the patent under reexamination to VLV Associates. *Vaillancourt*, 749 F.3d at 1368-69. After the Board affirmed the patent examiner's rejections, Vaillancourt appealed to this Court, even though he was no longer the patent owner. *Id.* at 1369.

Viewing it as a matter of interpretation of a statutory cause of action, this Court held that Vaillancourt lacked a cause of action and dismissed the appeal because, under the plain wording of the statute, he was not the "patent owner" and therefore not authorized to file the appeal. *See id.* at 1368-69 "A statute's unambiguous language 'must ordinarily be regarded as conclusive.'" *Id.* at 1369

(quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)).

In deciding *Vaillancourt*, this Court rejected Vaillancourt's argument that Section 141 allowed a patent owner to delegate its authority to appeal. *Vaillancourt*, 749 F.3d at 1369-70. Specifically, in dismissing the case, this Court apparently found unavailing three arguments from Vaillancourt: (1) the notice of appeal referred to "Patent Owner" and Vaillancourt; (2) Vaillancourt and VLV had contractually agreed that he would continue to prosecute the reexamination following assignment of the patent to VLV; and, (3) Vaillancourt had assigned the patent to VLV Associates, Inc., of which he himself was the sole owner. *See* Brief for Patent-Owner Appellant at 3-8, *Vaillancourt*, 749 F.3d 1368 (2014) (No. 2013-1408). Should Agilent make any similar arguments that it is contractually authorized to participate in this appeal in place of Aurora, those arguments should be rejected. In other words, merely because Agilent may be in privity with Aurora, or may be its successor-in-interest, does not entitle Agilent to participate.

As seen above, other than the "patent owner," only the "third-party requester" is authorized to participate in an appeal from *inter partes* reexamination. Aurora, not Agilent, is the third-party requester in the underlying reexamination. Agilent merely bought some or all of Aurora's assets but left Aurora intact as a

9

distinct corporate entity. Aurora continued to be represented in the underlying reexamination proceedings.

As seen in Section I above, neither the Patent Act nor the relevant C.F.R. provisions say that any parties but the patent owner and third-party requester may participate in appeals to this Court. Accordingly, under the principle of *expressio unius est exclusio alterius*, participation by the "real party in interest" or any other party must be prohibited. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Kucana v. Holder*, 558 U.S. 233, 249 (2010) (citation omitted). This presumption applies with "particular force" when the two terms are used in "close proximity" in the statutory language. *See Dep't of Homeland Sec. v. MacLean*, 135 S. Ct. 913, 919 (2015). Here, the sections of the Patent Act governing *inter partes* reexaminations differentiate between third-party requesters and real parties in interest. For instance, 35 U.S.C. § 311 requires that a "third-party requester" identify the "real party in interest." Section 141, on the other hand, grants the right of appeal only to the "patent owner" and the "third-party requester." Accordingly, Congress was aware of a distinction but did not include "real party in interest" among the entities that may participate in an appeal. As such, the real party in interest here, Agilent, has no right to participate.

Agilent's effort to participate in Waters's appeal has been suspect throughout. Agilent's efforts consisted of misidentifying itself as the third-party requester and filing a belated election to participate. As discussed in Section I above, a third-party requester must file a notice of election to participate within 14 days of the patent owner's notice of appeal. *See* 37 C.F.R. § 1.983(e). Agilent filed its notice of election 11 days late. By its own admission, Agilent's election "was due to be filed December 5, 2014" but was not filed until December 16, 2014, well after the deadline. *See* Dkt. No. 2 at 1, 3, *Third Party Requester Belated Election to Participate in Appeal, 37 C.F.R. 1.983*. In any event, Agilent is not the third-party requester and therefore has no right to participate, even if its purported election to participate were timely. For the reasons discussed in Section I above about adhering to deadlines, this Court should not waive the deadline and should bar Agilent from this case.

Finally, if Agilent wanted to participate, it could have moved to intervene under Fed. R. App. P. 15(d). But that rule requires such motions to be filed within 30 days after the notice of appeal is filed. Waters noticed its appeal on November 21, 2014. More than 30 days have since passed. It is too late. Indeed, this Court's practice notes accompanying Rule 15 state that a "motion for leave to intervene filed out of time will be granted only in extraordinary circumstances." *See* Fed. Cir. R. 15, Practice Notes.

On December 19, 2014, just three days after Agilent filed its belated election to participate, Waters filed its objection to Agilent's election, thus alerting both Aurora and Agilent to Agilent's lack of standing. At that point, tipped off that its election to participate was defective, Agilent still had time to review its options and take the necessary steps to perfect its intervention in this appeal. But neither Agilent nor Aurora ever sought to correct the errors, and it is too late now.

## CONCLUSION

For the foregoing reasons, both Agilent and Aurora should be barred from participating in this appeal.

## FEDERAL CIRCUIT RULE 27(a)(5) STATEMENT

Erik Paul Belt, counsel for Waters, conferred with counsel for Appellee regarding this motion by telephone on March 2, 2015. Steven B. Kelber, counsel for Appellee, indicated that Appellee opposes this motion and will file a response.

Dated: March 3, 2015	Respectfully submitted,

        /s/ Erik Paul Belt
        ERIK PAUL BELT
        DEBORAH M. VERNON
        KIA LYNN FREEMAN
        MCCARTER ENGLISH, LLP
        265 Franklin Street
        Boston, MA 02110
        (617) 449-6500 (telephone)
        (617) 607-9200 (fax)
        ebelt@mccarter.com

*Attorneys for Waters Technologies Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above Motion to Dismiss was served upon counsel of record for Appellee by the CM/ECF system and electronic mail on this 3rd day of March, 2015.

Steven B. Kelber
Law Offices of Marc R. Labgold, P.C.
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
E-mail: skelber@labgoldlaw.com

Dated:  March 3, 2015            /s/ Erik Paul Belt
                                 ERIK PAUL BELT
                                 MCCARTER ENGLISH, LLP
                                 265 Franklin Street
                                 Boston, MA 02110
                                 (617) 449-6500
                                 ebelt@mccarter.com

                                 *Attorney for Waters Technologies Corp.*